Paul J. Gnau, for plaintiff in error.
S. J. Kornhauser, Cleveland, for defendant in error.

LEMERT, PJ, SHERICK and
MONTGOMERY, JJ, (5th Dist)
sitting by designation.

**LEAHY v**
**CHICAGO PNEUMATIC TOOL CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14379. Decided April 22, 1935

## OPINION

By SHERICK, J.

Upon this state of the record it is evident that the Commission perceived its error in denying the claimant's right to a rehearing as found on May 25th, 1931, and it thereafter proceeded to and did accord the claimant a hearing as provided by §1465-90, GC inasmuch as it had denied compensation upon jurisdictional grounds.

It is held in State ex Cezkovsky v Industrial Commission, 126 Oh St 434:

"Under the provisions of §1465-90, GC, a claimant for compensation must be accorded a rehearing, only when the Commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon its finding and that the Commission has no jurisdiction of the claim."

The second syllabus of that case is also pertinent. It is therein held:
"If it be found by the commission that the disability originally manifested, or the disability subsequently developed, was not the result of the injury sustained, and compensation is disallowed or its continuance is denied for such reason, a rehearing must be allowed."

As pointed out by counsel for plaintiff in error the claimant could not have maintained an appeal from the Commission's finding to the Court of Common Pleas until he had first made application for rehearing and upon rehearing being denied compensation upon jurisdictional grounds.

The case of Industrial Commission of Ohio v Ramsey, 119 Oh St 497, is directly in point and fully substantiates the argument of counsel for plaintiff in error. It is therein held:

"A Court of Common Pleas has no jurisdiction to entertain an appeal from an order of the Industrial Commission of Ohio denying a claim for compensation out of the state insurance fund until the claimant, after a denial of his claim, has made application for a rehearing and a rehearing has been had as provided in §1465-90 GC (111 Ohio Laws, 227), and the claim has again been denied by the Industrial Commission."

Had the claimant in the instant case attempted to prosecute his appeal to the Court of Common Pleas before a denial of his right to participate was had on his application for a rehearing, he would have been confronted with the rule announced in the Ramsey case, supra,

It is therefore the judgment of this court that this cause be reversed and remanded to the Court of Common Pleas for further proceedings as required by law.

LEMERT, PJ, and MONTGOMERY, J, concur.